UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| KRISTIAN PARKS, | ) |
| *Plaintiff*, | ) No. 1:25-CV-138 |
| v. | ) Judge Collier |
| | ) Magistrate Judge Dumitru |
| NORDSON MEDICAL OF NH INC., *et al*., | ) |
| *Defendants*. | ) |

# **MEMORANDUM**

Before the Court are several *pro se* motions and filings by Plaintiff, Kristian Parks. Plaintiff moves the Court to alter or amend its July 31, 2025, Order (Doc. 19) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 21.) Plaintiff also filed two motions for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Docs. 23, 27.) Defendants have responded in opposition to the motions. (Docs. 24, 25, 29.) These motions are now ripe for review.

**I.     BACKGROUND**

The Court set forth the factual background relevant to Plaintiff's case through June 20, 2025, in detail in its July 31, 2025, Memorandum (Doc. 18 at 1–4) and incorporates those facts by reference here.

On July 31, 2025, the Court partially granted Defendants' motion to dismiss and compel arbitration (Doc. 6) to the extent the motion sought to compel the parties to arbitrate the underlying claims. (Doc. 19.) The Court found:

> Because Plaintiff's sexual-harassment allegations do not meet the threshold of stating a plausible claim for sexual harassment, the Court will not apply the [Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 ("EFAA"), 9 U.S.C. §§ 401 and 402]. The Court finds that the parties agreed to

arbitrate, Plaintiff's claims are within the scope of the agreement, and the claims are arbitrable. The Court will refer Plaintiff's underlying claims to arbitration.

(Doc. 18 at 12.) In addition, the Court determined it "must compel arbitration so that an arbitrator can rule on the threshold issue of the arbitrability of claims for injunctive relief." (*Id*. at 15.) The Court noted that "the arbitrator's decision on the arbitrability of claims for injunctive relief should be a quick one," (*id*. at 15), and ordered the parties to file a joint status report every two months on the progress of the case (Doc. 19 at 2).

Since this Order, and despite the stay of the case, Plaintiff has made multiple motions and filings. First, Plaintiff moves the Court to alter and amend its July 31, 2025, Order (Doc. 19) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 21.) In support of her motion, Plaintiff states she "disagree[s] with this Court's legal analysis" and decision not to apply the EFAA. (*Id*. at 1.) Second, Plaintiff filed "supplemental information seeking injunctive relief." (Doc. 22.) This filing alleged two new incidents occurring on August 14 and 15, 2025, when she "was sent home again, pay docked, [and] penalized-pointed for refusing to work with and alongside my racial/sexual Abuser/harasser Russell Atkins." (*Id*. at 1.)

Third, Plaintiff moves for leave to file an amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 23.) Plaintiff moves to add new claims of malicious and retaliatory harassment and alleges six new incidents when she was "sent home; pay docked; point-penalized and escorted out of the building." (*Id*. at 1–2.) Following this motion, Plaintiff informed the Court that there are "new developments" in the case and that she seeks to add addtional new claims. (Doc. 27 at 1.) She moves the Court to "instruct [her] on how this Court wishes for [her] to proceed to add these new facts and claims to be included or incorporated into the pending Motion to Amend the Complaint." (*Id*. (emphasis removed).) Defendants responded in opposition to the motions. (Docs. 24, 25, 29.)

2

On September 30, 2025, in compliance with the July 31, 2025, Order, Defendants filed a status report regarding the status of arbitration. (Doc. 28.) Defendants represented that "arbitration has not commenced because Plaintiff has not made a demand for arbitration as required by the express terms of [the] governing arbitration agreement. . . . Plaintiff has continued to file motions and requests in this Court rather than proceeding to arbitration." (*Id*. at 1.)

## II. STANDARDS OF REVIEW

### A. Motion to Reconsider

Under Rule 59, a court may alter the judgment only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). These motions may not be used to relitigate old matters or reraise issues already presented. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008); *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008); *see also Negron v. Frank & Woolridge Co*., No. 1:24 CV 02132, 2025 WL 1384067, at *1 (N.D. Ohio May 13, 2025) (emphasizing that a motion for reconsideration is not a vehicle for "taking a second bite at the apple"); *White v. Hitachi, Ltd.*, No. 3:04-CV-20, 2008 WL 782565, at *1 (E.D. Tenn. Mar. 20, 2008) (noting these motions are not to "merely restyle or rehash the initial issues").

"In the Sixth Circuit, motions for reconsideration are strongly disfavored and are appropriate only in rare, very limited, circumstances, as a high standard for granting such a motion applies." *Negron*, 2025 WL 1384067, at *1 (citation omitted); *Davis v. Panda Express, Inc.*, No. 3:20-CV-728, 2021 WL 4692387, at *3 (W.D. Ky. Oct. 7, 2021) ("Because there is an interest in the finality of a decision, motions for reconsideration 'are extraordinary and sparingly granted.'").

A district court has considerable discretion in deciding whether to grant this type of motion. *Leisure Caviar, LLC*, 616 F.3d at 615.

  B. **Motion to Amend the Complaint**

Under Rule 15 of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend the pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Beydoun v. Sessions,* 871 F.3d 459, 469 (6th Cir. 2017). However, leave to amend a complaint "may be denied where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (emphasis omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024) (same).

An amendment is futile when it is subject to dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief may be granted. *Beydoun,* 871 F.3d at 469 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420–21 (6th Cir. 2000)). The decision to grant a motion for leave to amend lies within the sound discretion of the district court. *Foman,* 371 U.S. at 182.

**III. DISCUSSION**

The Court will address Plaintiff's motion to reconsider (Doc. 21) and Plaintiff's motions to amend the complaint (Docs. 23, 27) in turn.

  A. **Motion to Reconsider**

On August 14, 2025, Plaintiff filed a motion under Rule 59(e) to alter or amend the Court's Order compelling arbitration and staying the case (Doc. 19). (Doc. 21.)

The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1 *et seq.*, allows a party to petition a federal court for enforcement of an arbitration agreement. 9 U.S.C. § 4. The FAA provides the following regarding staying proceedings that are referable to arbitration:

> the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. When a party is aggrieved by another party's failure to arbitrate in accordance with a written agreement to do so, that party "may petition a federal court for an order directing that such arbitration proceed in the manner provided for" by the contract. *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 4). The FAA "manifests a liberal policy favoring arbitration agreements." *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 626 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 24, 103 (1983)).

In its July 31, 2025, Memorandum, the Court determined that the parties agreed to arbitrate, Plaintiff's underlying claims were within the scope of the arbitration agreement, and the claims were arbitrable. (Doc. 18 at 12.) As to Plaintiff's motion for injunctive relief, the Court found it "must compel arbitration so that an arbitrator can rule on the threshold issue of the arbitrability of claims for injunctive relief." (*Id*. at 15.) Thus, the Court enforced the arbitration agreement, ordering the parties to arbitrate the underlying claims and ordering the arbitrator to decide the arbitrability of Plaintiff's motion for injunctive relief (Doc. 15). (Doc. 19 at 1.)

The Court stayed the case pending the arbitrator's decision on the arbitrability of the injunctive-relief motion. (*Id*.) The Order stated: "Should the arbitrator find Plaintiff's motion for injunctive relief to be arbitrable, the Court will dismiss the action. Should the arbitrator find Plaintiff's motion for injunctive relief not to be arbitrable, Plaintiff may file a motion to lift the

stay, and this case will continue." (*Id*. at 1–2.) Thus, this case remains pending. Because no final judgment has been entered, Rule 59(e) does not apply. *See Verso Corp. v. United Steel*, No. 3:19-CV-0006, 2021 WL 1746303, at *2 (S.D. Ohio May 4, 2021) (citing *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) (holding that because there was no final judgment when the court entertained the motion for reconsideration, Rule 59(e) did not apply)). Plaintiff's motion is therefore procedurally improper.

Even if Rule 59(e) applied, Plaintiff would not satisfy her burden of showing she is entitled to relief. Although Plaintiff states the Court erred by finding the arbitration agreement valid and enforceable (Doc. 21 at 15), Plaintiff's motion for reconsideration is premised on the Court's finding as to the arbitrability of Plaintiff's underlying claims. Plaintiff states, "I disagree with this Court's legal analysis and refusal to include the totality of circumstances of applicable facts and law of Congresses [sic] legislative intent regarding applicability of the EFAA." (*Id*. at 1.) She claims that she has "a right to proceed to court" under the EFAA despite the Court's initial finding. (*Id*. at 15.) In support of her argument, Plaintiff realleges the same factual allegations as in her complaint (*id*. at 4–8), which she claims this Court "rejected" and refused to consider. (*Id*. at 4, 12.)

Plaintiff's contention is incorrect. The Court laid out the relevant law surrounding the EFAA and considered Plaintiff's allegations of harassment, retaliation, and refusal to investigate. (*See* Doc. 18 at 9–12.) After considering Plaintiff's complaint in its entirety, the Court determined Plaintiff made two factual allegations in support of her sexual harassment claim—the type of claim the EFAA was created to protect. (Doc. 18 at 11.) The Court explained:

> Taking these allegations as true, Atkins's comments and movements, although vulgar, do not meet the high threshold for sexual harassment. . . . The two incidents occurred two months apart, were limited to short periods of time, and were merely offensive in nature. This is insufficient to plead that she suffered from

6

conduct that was so severe and pervasive to constitute an abusive work environment. . . .

Because Plaintiff's sexual-harassment allegations do not meet the threshold of stating a plausible claim for sexual harassment, the Court will not apply the EFAA.

(*Id*. at 11–12.)

Plaintiff's motion for reconsideration attempts to relitigate the same arguments this Court found unpersuasive. As Defendants suggest, "Plaintiff has not provided any legal authority or evidence to challenge the Court's determination. Plaintiff merely disagrees with the Court's interpretation and asks the Court to amend or alter its Order on that basis." (Doc. 24 at 4.) "Dissatisfaction with the court's initial judgment and/or disagreements with its conclusions are insufficient to support a Rule 59(e) motion." *Elsea v. Pinkston*, No. 1:19-CV-287, 2021 WL 11660634, at *1 (E.D. Tenn. Feb. 11, 2021); *see also Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 714 (S.D. Ohio 2013) ("Rule 59(e) is not designed to give an unhappy litigant an opportunity to relitigate matters already decided."). Plaintiff may not rehash the initial issue of the applicability of the EFAA in a motion for reconsideration. *See White*, 2008 WL 782565, at *1.

Further, Plaintiff may not raise new arguments for the first time in a Rule 59(e) motion. Plaintiff now contends that "[i]f Defendant Nordson Medical is a federal Contractor, it is also liable under the 5th and 14th Amendments to the U.S. Constitution Equal Rights and Equal Protection Clause," (Doc. 21 at 2), but the purpose of Rule 59(e) is not to raise new arguments that could have previously been raised. *See Davis*, 2021 WL 4692387, at *3.

Because Plaintiff fails to meet both the procedural and substantive requirements for a Rule 59(e) motion, the Court will **DENY** the motion for reconsideration (Doc. 21).

B.    **Motions to Amend the Complaint**[1]

On August 25, 2025, Plaintiff filed her first motion for leave to file an amended complaint where she alleges "new claims" of: (1) "Malicious Harassment-Civil Right Intimidation; Retaliatory Harassment; Title VII and §1981"; (2) violations of Plaintiff's "5th and 14th Amendments to the U.S. constitution to due process, equal rights, and equal protection clause of law to be free or safe from race/gender/sex discrimination, harassment, intimidation and retaliation in the workplace"; (3) "discriminatory discipline-retaliation"; and (4) violations of "Tennessee Constitution under Article I, Section 8; in conjunction with Article XI, Section 8." (Doc. 23 at 1–2 (so in original).) In response, Defendants ague an amendment would be futile because "Plaintiff's proposed 'new claims' are the same claims in her original Complaint [Doc. 1] and are subject to arbitration" and because "Plaintiff's federal and state constitutional claims cannot survive a Rule 12(b)(6) motion to dismiss." (Doc. 25 at 2.)

On September 30, 2025, Plaintiff filed another motion for leave to file an amended complaint, noting there were "new developments" since her first motion to amend. (Doc. 27 at 1.) In this motion, Plaintiff seeks to add claims for "Retaliatory Discharge and Wrongful Termination" under Title VII, the Tennessee Human Rights Act, and 42 U.S.C. § 1981. (*Id*.) These additional claims appear to be based "upon [her] being terminated on September 22, 2025." (*Id*.) Defendants oppose the motion and argue the amendment would be futile because Plaintiff's alleged additional claims are subject to arbitration and Plaintiff has not exhausted her administrative remedies. (Doc. 29 at 2.)

---

[1] In consideration of Plaintiff's *pro se* status, the Court explains why Plaintiff's motion is improper on the merits. However, because the case is stayed, the Court could have summarily denied the motion to amend the complaint on that basis.

8

"[T]he Sixth Circuit has suggested that amendment would be futile where a plaintiff seeks to add claims that would be covered by an arbitration agreement." *Bryant v. Domino's Pizza*, No. 22-11319, 2024 WL 1638616, at *3 (E.D. Mich. Apr. 16, 2024) (citing *Crossville Med. Oncology, P.C. v. Glenwood Sys., LLC*, 310 F. App'x 858, 860 (6th Cir. 2009) ("[Defendant] properly invoked the agreement's arbitration clause. [Plaintiff's] amendment therefore would have been futile.")). Other district courts in the Circuit "have explicitly found the same." *Id.* (collecting cases). "Futility has been found to exist where the new claims a party seeks to add through amendment are subject to a binding arbitration agreement." *James T. Scatuorchio Racing Stable, LLC v. Walmac Stud Mgmt., LLC*, No. 5:11-374, 2014 WL 1281475, at *10 (E.D. Ky. Mar. 27, 2014) (collecting cases); *see also Raymond v. Avectus Healthcare Sols., LLC*, No. 1:15-CV-559, 2021 WL 4295276, at *1 (S.D. Ohio Mar. 30, 2021).

This Court has already determined that a valid arbitration agreement exists. (Doc. 18 at 5–6.) The Court further found Plaintiff's underlying claims fell within the scope of the arbitration agreement. (*Id.* at 6–7.) The Court's July 31, 2025, Memorandum reads in relevant part:

> The arbitration agreement states the following:
>
>> Some, but not all, of the types of claims covered by this Agreement are:
>>
>> - discrimination or harassment on the basis of race, color, sex, age, national origin, ancestry, citizenship, religion, military or veteran status, disability or any other unlawful basis;
>> - claims under any statutes, regulations, or other laws application to applicants, to employees, or to the employment relationship, for example, claims under: Age Discrimination in Employment Act; the Americans with Disabilities Act; Title VII of the Civil Rights Act of 1964; the Equal Pay Act; the Fair Credit Reporting act; the Fair Labor Standards Act; the Family and Medical Leave Act; and the Pregnancy Discrimination Act;
>> - unlawful retaliation; . . .
>> - employment-related tort claims . . . .

9

(Doc. 10-1 at 2.) The Court finds Plaintiff's claims alleging discrimination, retaliation, and employment-related torts against Nordson Medical and their employees fall within the scope of the arbitration agreement.

(*Id*.)

Defendants are correct that the large majority of Plaintiff's "proposed 'new claims' are either the same as the existing claims or arise from the same or similar facts and relationship between the parties that give rise to the existing claims." (Doc. 25 at 3.) Because Plaintiff's "new claims" alleging discrimination, retaliation, and employment-related torts are subject to the binding arbitration agreement, Plaintiff's proposed amendments would be futile as to these claims. *See James T. Scatuorchio Racing Stable, LLC*, 2014 WL 1281475, at *10.

Defendants also argue Plaintiff's proposed amendment to add new claims based on state and federal constitutional rights is futile because her claims cannot survive a Rule 12(b)(6) motion to dismiss. (Doc. 25 at 4.) The Court agrees.

A proposed amendment is futile if it cannot withstand review under the standards of a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Beydoun*, 871 F.3d at 469. Rule 12(b)(6) provides for the dismissal of claims which "fail[] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss, the Court must "construe the complaint in the light most favorable to the plaintiff and accept the complaint's well-pleaded factual allegations as true." *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867–68 (6th Cir. 2024) (citing *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014)).

"[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell Baker v. Kohn,* 457 U.S. 830, 837–38 (1982); *see also*

*Faparusi v. Case W. Rsrv. Univ.*, 711 F. App'x 269, 275 (6th Cir. 2017) ("The Fourteenth Amendment's due process guarantees are 'triggered only in the presence of state action.'") (quoting *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000)); *McClay v. Airport Mgmt. Servs., LLC*, 596 S.W.3d 686, 695 (Tenn. 2020) (following the Supreme Court framework in applying the Tennessee Constitution). Defendants represent they are "private parties, not state actors" and that "Plaintiff has not alleged any facts demonstrating that Defendants were acting under color of law or that their conduct can be fairly attributed to the state." (Doc. 25 at 5.) Put simply, without establishing that Defendants are state actors, Plaintiff's proposed constitutional claims fail to state a claim under Rule 12(b)(6), and an amendment to add them would be futile. *See Beydoun,* 871 F.3d at 469.

Accordingly, Plaintiff's motions to amend (Docs. 23, 27) will be **DENIED**.

## IV. CONCLUSION

The Court will **DENY** Plaintiff's motion for reconsideration (Doc. 21) and Plaintiff's motions to amend her complaint (Docs. 23, 27). The parties are to arbitrate Plaintiff's underlying claims according to the process laid out in the arbitration agreement. The case will remain **STAYED** pending the arbitrator's decision on the arbitrability of Plaintiff's motion for injunctive relief (Doc. 15). Any improper motions filed while the case is stayed are subject to being summarily denied.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**